IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTOINE GRANT,**

    **Plaintiff,**

    v.

**FIRST PREMIER BANK,**

    **Defendant.**

Case No. 16-CV-2821-DDC-GLR

## MEMORANDUM AND ORDER

Plaintiff Antoine Grant, proceeding pro se, filed this action in the District Court of Johnson County, Kansas, against Defendant First Premier Bank. Defendant removed the case to this Court on December 20, 2016. Plaintiff proposes to allege the following claims: (1) defamation; (2) "negligent enablement of identity fraud"; (3) violation of the Fair Credit Reporting Act ("FCRA"); and (4) violation of the Fair Debt Collection Practices Act ("FDCPA"). The case is before the Court on Defendant's Motion for More Definite Statement (ECF 10). It contends that Plaintiff's pleading (in this instance the petition filed in state court) is so vague and ambiguous that Defendant cannot reasonably prepare a response. The motion is fully briefed, and the Court is prepared to rule. For the reasons stated below, the Court grants the motion for more definite statement.

**I.**    **Legal Standard**

An order requiring a more definite statement of a pleading is appropriate when the pleading to which the party is required to respond is "so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive

1

pleading and must point out the defects complained of and the details desired."[1] A motion for more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission.[2] The decision whether to grant or deny such a motion lies within the sound discretion of the court.[3] Because of the minimal pleading requirements and the liberal discovery available under the Federal Rules, motions for more definite statement are generally disfavored.[4] Despite the disfavor of these motions, this Court has held that to survive a Rule 12(e) motion for more definite statement on a defamation claim, the Plaintiff must include the substance of the statement, the identity of the person(s) to whom the statement was allegedly made, and the time and place of the alleged statement.[5]

Complaints drafted by pro se litigants, however, are held to a less stringent standard than those drawn by legal counsel.[6] Notwithstanding this more liberal pleading standard for pro se plaintiffs, they must nevertheless follow the same rules of procedure that govern other litigants.[7] And a plaintiff, whether or not pro se, must at least set forth sufficient facts to constitute a claim. "Thus, although we make some allowances for 'the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or

---

[1] Fed. R. Civ. P. 12(e).

[2] *Householder v. The Cedars, Inc.*, No. 08-2463-KHV-GLR, 2008 WL 4974785, at *1 (D. Kan. Nov. 19, 2008) (citing *Shaffer v. Eden*, 209 F.R.D. 460, 464 (D. Kan. 2002)).

[3] *Graham v. Prudential Home Mtg. Co.*, 186 F.R.D. 651, 653 (D. Kan. 1999).

[4] *Pegues v. CareCentrix, Inc.*, No. 12-2484-CM, 2013 WL 183996, at *2 (D. Kan. Jan. 17, 2013) (citing *Resolution Tr. Corp. v. Thomas*, 837 F. Supp. 354, 355 (D. Kan. 1993)); *Householder*, 2008 WL 4974785, at *1 (citation omitted).

[5] *Householder*, 2008 WL 183996, at *1 (citing *McKenzie v. MCI Worldcom, Inc.*, No. 99-2517-CM, 2000 WL 1303041, at *2 (D. Kan. 29, 2000)).

[6] *Creamer v. Ellis Cty. Sheriff Dept.*, No. 08-4126-JAR, 2009 WL 484491, at *1 (Feb. 26, 2009) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[7] *Id.* (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

his unfamiliarity with pleading requirements[,]' the court cannot take on the responsibility of serving as the litigant's attorney."[8]

## II. Discussion

Plaintiff alleges his claims, and the facts supporting those claims, in a single paragraph of his pleading:

> First Premier Bank failed to validate a debt properly that is currently showing on all three of my credit reports.  This debt is 100% false and I requested in writing several times, evidence bearing my signature, showing that I have or ever had some contractual obligation to pay this company and they have failed to do so. First Premier Bank violated Federal law, by not properly providing the Credit Bureaus with notice of my dispute within the required timeframe, which is listed in the Fair Credit Reporting Act.  I'm also suing for defamation, negligent enablement of identity fraud, violation of the Fair Credit Reporting Act and Fair Debt Collection Practices Act.[9]

Defendant argues that Plaintiff's pleading fails to allege sufficient facts to enable it to prepare a responsive pleading.  Specifically it contends that Plaintiff does not allege (1) when Defendant violated the FCRA or FDCPA; (2) what sections of the FCRA or FDCPA Defendant violated; (3) what defamatory words were published, the names of the persons to whom the words were published, and the time and place of their publication; or (4) to whom Plaintiff sent notice of the dispute (i.e. whether he notified Defendant, a credit reporting agency, or both). Defendant moves for an order directing Plaintiff to supplement his pleading to set forth these factual allegations.  Defendant also requests in its reply that the Court order Plaintiff to set forth his factual allegations in an amended complaint that conforms to Fed. R. Civ. P. 10(b), that is, by stating his allegations "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."[10]

---

[8] *Id.* (internal citations omitted).

[9] ECF 1-1.

[10] Fed. R. Civ. P. 10(b); ECF 13 at 1 n.1.

3

In response to the motion Plaintiff asserts his status as a pro se litigant. He asserts some additional facts about his claims, and recites case law that addresses identity theft and negligence cases that involve banks.[11] The Court recognizes, of course, the pro se status of Plaintiff and will grant him as much consideration as possible in recognition of that status. But such recognition does not give him an exemption from the basic requirements of the federal rules. Some or all of the facts he has described in his response may indeed be material to his claim, including dates and contents of communications between Plaintiff and Defendant and citation of the specific sections of the FCRA and FDCPA that he contends Defendant violated. But his response to the motion of the Defendant here appears to be primarily an argument upon some motion for summary judgment in some other litigation. In any event, it is not a substitute for an adequate statement of facts, which he should provide in an amended complaint, as herein directed.

The Court thus finds that Plaintiff has not presented a sufficiently definite pleading to enable an opposing defendant to prepare a responsive pleading. As explained above, the Court has granted motions for more definite statement when a plaintiff does not allege facts required to state a defamation claim, that is, (1) the contents of the false and defamatory words; (2) who communicated those words, (3) the persons to whom those words were communicated; and (4) the time and place of publication.[12] Plaintiff's pleading does not allege any of these facts. Additionally, as Defendant notes, Plaintiff does not allege which specific sections of the FCRA and FDCPA Defendant violated, or who Plaintiff notified of the dispute. Without these facts, Defendant cannot reasonably prepare a responsive pleading.

---

[11]ECF 12.

[12]*See supra* note 5; *Fisher v. Lunch*, 531 F. Supp. 2d 1253, 1271 (D. Kan. 2008) (quoting *Bushnell Corp. v. ITT Corp.*, 973 F. Supp. 1276, 1287 (D. Kan. 1997)).

4

As noted above, Plaintiff presents some of this factual detail in his response. But Plaintiff must set forth these and the other factual allegations, as indicated above, in an amended complaint. Otherwise, Plaintiff has not given Defendant an opportunity to meaningfully respond to his claims. Accordingly, the Court directs Plaintiff to file an Amended Complaint that sets forth his claims with the following allegations: (1) as for his defamation claim, he must state the contents of the false and defamatory words, who communicated the words, the person(s) to whom those words were communicated, and the time and place(s) of such publication; (2) for his FCRA claim Plaintiff must set forth additional facts in support of this claim, including the sections of the FCRA that Plaintiff alleges Defendant violated, the date(s) and place(s) of the alleged violation, the persons or entities whom Plaintiff notified of his dispute, and a description of what Defendant did to cause the offense; (3) as to his FDCPA claim, Plaintiff must state additional facts in support of this claim, including the sections of the FDCPA that he alleges Defendant violated, the date(s) and place(s) of the violation, and a description of what Defendant did to cause the offense; and (4) as to his "negligent enablement of identity fraud" claim, additional facts in support of this claim, including what Defendant did or did not do to cause the offense, and when and where his misconduct occurred.

Defendant also requests that the Court order Plaintiff to file his Amended Complaint containing these additional allegations in compliance with the requirements of Fed. R. Civ. P. 10(b). Specifically, Defendant asks that Plaintiff set forth his allegations in separate, numbered paragraphs, rather than in a single paragraph as he did in the original Complaint. Whether or not Defendant requests it, Plaintiff should of course follow the requirements of the Federal Rules of Civil Procedure, including Rule 10. Accordingly, the Court directs him to comply with that rule, including his setting forth his allegations in separate, numbered paragraphs. The Court also

encourages Plaintiff to consult the District of Kansas' *Filing Your Lawsuit in Federal Court: A Pro Se Guide*, available at http://www.ksd.uscourts.gov/filing-your-lawsuit-in-federal-court-a-pro-se-guide-2/.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant First Premier Bank's Motion for More Definite Statement (ECF 10) is **granted**. **Within fourteen (14) days of the date of this Order**, Plaintiff shall file an Amended Complaint that contains a more definite statement of each of his claims, as above directed.

Dated: March 28, 2017

*s/Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge