# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ANTOINE GRANT,

                Plaintiff,

v.

FIRST PREMIER BANK,

                Defendant.

Case No. 16-2821-DDC-GLR

## MEMORANDUM AND ORDER

Plaintiff Antoine Grant filed this action pro se in the District Court of Johnson County, Kansas. Defendant filed a Notice of Removal removing the case to federal court. Doc. 1. Defendant then filed a Motion for More Definite Statement under Fed. R. Civ. P. 12(e). Doc. 10. The court granted defendant's Motion for More Definite Statement (Doc. 14), and plaintiff filed an Amended Complaint on April 17, 2017 (Doc. 16). The Amended Complaint asserts five causes of action: Count I, violation of the Fair Credit Reporting Act ("FCRA"); Count II, violation of the Fair Debt Collection Practices Act ("FDCPA"); Count III, violation of the Consumer Credit Protection Act ("CCPA"); Count IV, negligent enablement of identity fraud; and Count V, defamation. *Id.* On May 1, 2017, defendant filed a Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim. Doc. 17. Plaintiff has filed an Opposition to the Motion (Doc. 19), and defendant has submitted a Reply (Doc. 20). For reasons explained below, the court grants defendant's Motion and dismisses plaintiff's Amended Complaint without prejudice.

## I. Factual Background

Plaintiff's Amended Complaint alleges the following facts. The court accepts them as true and views them in the light most favorable to the plaintiff. *ASARCO LLC v. Union Pac. R.R. Co.*, 755 F.3d 1183, 1188 (10th Cir. 2014). In October 2015, plaintiff discovered a delinquent credit card account in his name with defendant First Premier Bank listed on his credit reports. Plaintiff never applied for a credit card with defendant. Plaintiff, believing he was a victim of identity theft, contacted defendant to dispute the account in late October 2015. Plaintiff alleges defendant failed to inform him of the investigation's outcome or failed to resolve the matter after repeated attempts to contact defendant. Plaintiff filed a small claims action against defendant in the District Court of Johnson County on November 17, 2016. His Amended Complaint asserts several claims based on these allegations, including one under the FCRA. Defendant, invoking federal question jurisdiction, removed the case to federal court.

## II. Legal Standard

### A. Motion to Dismiss

Defendant moves to dismiss the case for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*,

550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

Although the court must assume that the factual allegations in the complaint are true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 1263 (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough to state a claim for relief. *Iqbal*, 556 U.S. at 678. In addition to the complaint's factual allegations, the court also may consider "attached exhibits and documents incorporated into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted).

### B. Pro Se Plaintiff

Because plaintiff brings this lawsuit pro se, the court construes his pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court cannot assume the role of advocate for the plaintiff. *Id.* In addition, plaintiff's pro se status does not excuse him from "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* Nor is plaintiff relieved from complying with the rules of the court, if he fails to comply with them, or facing the consequences of noncompliance. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

**III. Analysis**

Defendant asserts that each claim in the Amended Complaint fails to state a claim upon which relief can be granted. The court addresses each claim, separately, below.

**A. Fair Credit Reporting Act (Count I)**

The FCRA requires "furnishers" of information to credit reporting agencies ("CRAs") to comply with certain requirements. 15 U.S.C. § 1681s-2. Defendant asserts Count I fails to state a claim upon which relief can be granted because the FCRA confers no private right of action against those who function as furnishers.[1]

The FCRA allows consumers to bring private actions against those who violate its provisions. *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1147 (10th Cir. 2012); *see also* 15 U.S.C. § 1681n (permitting right of action against willful violators); 15 U.S.C. § 1681o (permitting right of action against negligent violators). That right of action "is limited to claims against the credit reporting agency; it does not extend to furnishers." *Sanders*, 689 F.3d at 1147. The FCRA requires furnishers to provide accurate information to consumer reporting agencies. 15 U.S.C. § 1681s-2(a). Only federal or state agencies may enforce the duties imposed on furnishers by section 1681s-2(a), and furnishers are not subject to private causes of action. *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 751 (10th Cir. 2009) (citing *Gorman v. Wolpoff & Abramson, LLP*, 552 F.3d 1008, 1014 (9th Cir. 2009)).

Instead, the FCRA supplies a different dispute mechanism. "While 'Congress did not want furnishers of credit information [to be] exposed to suit by any and every consumer dissatisfied with the credit information furnished,' Congress allows consumers to enforce the duty of accurate reporting through the FCRA's dispute process." *Sanders*, 689 F.3d at 1147

---

[1] Paragraph 37 in Count III cites the same provisions of the FCRA as Count I. *See* Doc. 16 at 6. The court thus addresses Count I and paragraph 37 in Count III of the Amended Complaint together because they rely on the same statutory provision.

(citing *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002)). The FCRA requires furnishers to follow certain procedures when it receives notice of a dispute. 15 U.S.C. § 1681s-2(b). Those duties, listed in section 1681s-2(b), "arise only after the furnisher receives notice of a dispute from a CRA; *notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)*." *Pinson*, 316 F. App'x at 751 (emphasis added). In short, a plaintiff wishing to bring suit against a furnisher must allege (1) that the plaintiff contacted a CRA and gave notice of the dispute, (2) the CRA provided notice of the dispute to the furnisher, and (3) the furnisher failed to comply with the obligations established in section 1681s-2(b). *See Id.* at 750. Plaintiff's Amended Complaint asserts no facts capable of supporting a finding that he satisfied these prerequisites to suit.

Indeed, defendant argues "plaintiff has not plead[ed] that he disputed First Premier Bank's credit reporting with the CRAs." Doc. 18 at 4. Plaintiff's Opposition to Defendant's Motion to Dismiss responds, claiming that he sent letters to three CRAs—Experian, TransUnion, and Equifax— in late June 2016 to dispute the charge. Doc. 19 at 5. But these facts appear nowhere in plaintiff's Amended Complaint. And, plaintiff neither attached the letters as exhibits nor alleged those facts in the Amended Complaint.

To be certain, in some circumstances a court may look outside the four corners of the complaint on motions under Fed. R. Civ. P. 12(b)(6). *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (finding a court may look outside of the complaint to "(1) documents that the complaint incorporates by reference . . . (2) 'documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity' . . . and (3) 'matters of which a court may take judicial notice.'"). But none of those

circumstances apply here, meaning that the court may not consider the letters when deciding defendant's Motion to Dismiss. *Id.*

Moreover, plaintiff was on notice of this pleading requirement for a FCRA claim. In its Motion for More Definite Statement, defendant noted that plaintiff must specify what parties received notice of the dispute. Doc. 11 at 2. Defendant quoted a case holding "that the duties of persons who provide information to credit reporting agencies are triggered *only when the credit reporting agency* provides such persons notice of a dispute." *Sanders*, 689 F.3d at 1147 (emphasis added). Plaintiff's Amended Complaint nonetheless failed to allege that he had contacted a CRA before filing suit. And, even if plaintiff had properly alleged this element of a FCRA claim, his Complaint fails to plead facts to support the other two elements of the claim—the CRA notified defendant and defendant failed to comply with its furnisher obligations. *See Pinson*, 316 F. App'x at 750.

Because plaintiff's Amended Complaint fails to state a plausible FCRA claim, the court grants defendant's motion to dismiss plaintiff's FCRA claim, but does so without prejudice.

### B. Fair Debt Collection Practices Act Claim (Count II)

The FDCPA grants consumers a private right of action against debt collectors for abusive and unfair practices. 15 U.S.C. § 1692k. Defendant asserts Count II fails to state a claim upon which relief can be granted under this act because defendant is not a "debt collector," as defined by the FDCPA.

The FDCPA defines "debt collector" as any person who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be *owed or due another*." 15 U.S.C. § 1692a(6) (emphasis added). A related portion of this statute specifically exempts persons attempting to collect a debt "which was originated by such person." 15 U.S.C. §

1692a(6)(F). Because defendant issued the credit card account in dispute, defendant owns any debt arising under it. Plaintiff alleges no facts capable of reasonably supporting a finding that defendant attempted to collect the debt. And even if plaintiff had alleged those facts, defendant does not fall within the act's definition of a "debt collector." Therefore, plaintiff has pleaded no plausible private right of action against defendant under the FDCPA. *See, e.g.*, *Jenkins v. Sec. Sav. Bank of Michigan*, 28 F.3d 113 (10th Cir. 1994) (unpublished opinion) (finding bank and its employees attempting to collect credit card debt arising on a card issued by the bank are exempted from FDCPA). Thus, Count III fails to assert a plausible claim and the court grants defendant's motion to dismiss plaintiff's FDCPA claim without prejudice.

### C. Consumer Credit Protection Act Claim (Count III)

Paragraph 38 in Count III of the Amended Complaint cites 15 U.S.C. § 1643 and § 1602, the federal Truth in Lending Act ("TILA"). *Id.* at 7. Count III fails to state a claim upon which relief can be granted because plaintiff has no cause of action under the TILA.

Section 1602 merely provides definitions and rules of construction for the act. It provides no private right of action. Section 1643 does not give plaintiff a right to reimbursement of authorized credit card charges; it merely "limits a card issuer's ability to sue a cardholder to recover fraudulent purchases." *Azur v. Chase Bank, USA, Nat. Ass'n*, 601 F.3d 212, 217 (3d Cir. 2010). The TILA "does not impose any obligation on issuers of credit cards to pay the costs associated with unauthorized or fraudulent use of credit cards. It simply limits the liability of cardholders, under certain circumstances, to a maximum of $50 for unauthorized charges." *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 164 (3d Cir. 2008).

Here, plaintiff never alleges that defendant is attempting to hold him liable for unauthorized credit card use. *See* Doc. 16 ¶ 9 (report shows charged off as bad debt). His

7

Amended Complaint only alleges that his credit report identifies a credit card account in his name with defendant. Even if plaintiff alleges defendant was attempting to hold him liable, the TILA limits defendant's ability to recover costs for unauthorized charges from plaintiff. *Id.* The act does not give plaintiff a cause of action against defendant. Thus, the court grants defendant's motion to dismiss plaintiff's CCPA claim without prejudice.

### D.  State Law Claims (Counts IV and V)

Counts IV and V of the Amended Complaint assert two state law tort claims. Doc. 16 at 7–13. Choice of law rules dictate that the court apply Kansas law to these claims. "A federal court sitting in diversity [jurisdiction] applies the substantive law, including choice of law rules, of the forum state.'" *BancOklahoma Mortg. Corp. v. Capital Title Co., Inc.*, 194 F.3d 1089, 1103 (10th Cir. 1999). "This rule also applies when a federal court exercises supplemental jurisdiction over state law claims in a federal question lawsuit"—as is the case here. *Id.* (quoting *Glennon v. Dean Wittter Reynolds, Inc.*, 83 F.3d 132, 136 (6th Cir. 1996)). Here, Kansas is the forum state, and Kansas applies the "law of the 'place of the wrong'" in tort claims. *Atchison v. Casting Corp. v. Dofasco, Inc.*, 889 F. Supp. 1445, 1455 (D. Kan. 1995). "The 'place of the wrong' is that place where the last event necessary to impose liability took place." *Id.*

Here, the place of the last event necessary to impose liability on defendant was Kansas. Plaintiff alleges state law claims for defamation and negligent enablement of identity fraud against defendant. Both plaintiff's defamation and negligence claims protect against harm to a person. *See Gruschus v. Curtis Publ'g Co.*, 342 F.2d 775, 776 (10th Cir. 1965) (discussing state defamation claims); *State Farm Fire & Cas. Co. v. Bell*, 30 F. Supp. 3d 1085, 1113 (D. Kan.

8

2014) (discussing Kansas negligence claims). Plaintiff alleges he is a Kansas resident, thus he sustained any harm he suffered in Kansas. So, Kansas law governs plaintiff's state law claims.[2]

### 1. Negligent Enablement of Identity Fraud and Defamation Claims

Defendant's Motion to Dismiss argues that plaintiff has failed to state a claim because the FCRA preempts plaintiff's negligence and defamation claims. The FCRA contains two preemption provisions: "(1) § 1681t(b)(1)(F), which provides furnishers of credit information with absolute immunity; and (2) § 1681h(e), which provides furnishers of credit information with qualified immunity." *Aklagi v. Nationscredit Fin.*, 196 F. Supp. 2d 1186, 1194 (D. Kan. 2002); *see also Cox v. Beneficial Kansas, Inc.*, No. 04-4128-JAR, 2005 WL 627974, at *3 (D. Kan. Mar. 9, 2005). Section 1681h(e) governs information provided before the furnisher received notice of a dispute, while § 1681t(b)(1)(F) governs information provided after receiving such notice. *Aklagi* 196 F. Supp.2d at 1195; *see also Purcell v. Bank of Am.*, 659 F.3d 622, 625 (7th Cir. 2011) (discussing various interpretations of the FCRA's preemption provisions).

Plaintiff's state law negligence and defamation claims are not viable if the claims they assert rely on information provided by defendant to CRAs *after* notice of a dispute. Section 1681t(b)(1)(F) provides, "[N]o requirement of prohibition may be imposed under the laws of any State— . . . with respect to *any subject matter regulated under . . . section 1681s–2 of this title*, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ." (emphasis added). So, "any claim predicated on [defendant] furnishing inaccurate information to a consumer reporting agency *after* receiving notice of [plaintiff's] dispute is completely preempted by § 1681t(b)(1)(F)." *Aklagi* 196 F. Supp.2d at 1195.

---

[2] Plaintiff's defamation claim also cites 42 U.S.C. § 1983. Doc. 16 at 13. If plaintiff meant to assert a federal claim under § 1983 in addition to a state law defamation claim, that legal theory fails to state a claim upon which relief can be granted. Plaintiff's Amended Complaint alleges no facts showing that defendant is a state actor who one can hold liable under section 1983. This is an essential requirement of a § 1983 claim. *See Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000).

Plaintiff's state law claims might be viable if plaintiff had alleged that defendant furnished inaccurate information to a CRA *before* receiving notice of the dispute. Section 1681h(e) provides that "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against. . . any person who furnished information to a consumer reporting agency . . . *except . . . false information furnished with malice or willful intent to injure each consumer*." In short, § 1681h(e) provides furnishers with qualified immunity against state-law claims provided the information given to the CRA was not furnished with a malicious or willful intent to hurt the consumer. *Id.* But plaintiff never alleges any facts capable of supporting a finding that defendant acted maliciously or willfully, meaning that the FCRA preempts plaintiff's state law negligence and defamation claims. The court thus grants defendant's motion to dismiss plaintiff's state law claims without prejudice. *See Pinson*, 316 F. App'x at 751 (finding the FCRA preempted plaintiff's state law claims and granting defendant's motion to dismiss).

## VI. Conclusion

For reasons discussed above, the court grants defendant's Motion to Dismiss (Doc. 17). Even under the liberal construction standard applied to plaintiff as a pro se litigant, plaintiff fails to state plausible claims in his Amended Complaint. This is so even though the court gave him notice of the requisite pleading standards in its Order Granting Defendant's Motion for More Definite Statement. Doc. 14. Since plaintiff already had the opportunity to amend his complaint once, the court declines to permit another opportunity. It dismisses plaintiff's claims but without prejudice to refiling.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant First Premier Bank's Motion to Dismiss plaintiff's Amended Complaint (Doc. 17) is granted under Rule 12(b)(6). Plaintiff's claims against First Premier Bank are dismissed without prejudice.

**IT IS SO ORDERED.**

**Dated this 29th day of June, 2017, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**